ANDRE BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JULIE ZATZ
Assistant United States Attorney
California Bar Number: 155560
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7349
    Facsimile: (213) 894-7819
    Email: Julie.Zatz@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIFFANY KATHLEEN BOYD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. CV 13-05120 CAS (VBKx)<br><br><u>NOTICE OF MOTION AND MOTION TO DISMISS  PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES</u><br><br>Fed. R. Civ. P. 12 (b)(1)<br><br>TIME: 10:00 a.m.<br><br>DATE August 26, 2013<br><br>PLACE: Courtroom of the Honorable<br>    Christina A. Snyder |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on August 26, 2013, at 10:00 a.m., Defendant United States will bring on for hearing the within Motion to Dismiss, before the Honorable Christina A. Snyder, United States District Judge, in Courtroom No. 5, 312 N. Spring Street, Los Angeles, California 90012. Defendant, by and through the United States Attorney for the Central District of California, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing without prejudice the claims alleged against the United States. This motion is made on the grounds this Court lacks jurisdiction over the subject matter of plaintiff's Complaint for medical malpractice against the United States because plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §2675(a).

This Motion is based on the attached Memorandum of Points and Authorities, exhibits, and upon such other and further arguments, documents and grounds as may be advanced in the future. This motion is made following a lengthy telephonic conference between pro se plaintiff and undersigned counsel for the Defendant which took place on July 17, 2013. At that time, plaintiff was told how to find an SF 95 (i.e., an administrative claim form) on line and the address to which she should send it.

DATED: July 22, 2013

ANDRE BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

*/s/ Julie Zatz*
Julie Zatz
Assistant United States Attorney

Attorneys for Defendant
United States of America

-1-

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

Plaintiff Tiffany Kathleen Boyd asserts tort claims under California law against the United States. Her claims appear to arise out of the provision of medical services to her by the Watts Health Care Corporation ("Watts".) The United States Attorney has certified that Watts is deemed to have been acting within the course and scope of employment with the United States Public Health Service at all times material to the incident alleged in the Complaint, pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. §233(g).

Plaintiff's claims are subject to the Federal Tort Claims Act ("FTCA"), which requires the exhaustion of administrative remedies before common law tort claims can be pursued against the United States or a Federal agency. 28 U.S.C. §2675(a). Plaintiff has not exhausted her administrative remedies under the FTCA, nor has she alleged such in the Complaint. Accordingly, this Court lacks subject matter jurisdiction over his action against the United States. The action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

II.     PROCEDURAL HISTORY AND STATEMENT OF FACTS

On October 12, 2012, plaintiff filed a medical malpractice action in the Superior Court for the State of California, County of Los Angeles, Case No. BC493119. She amended that Complaint on April 11, 2013. See Complaint (attached as Exhibit 1 to the Notice of Removal filed with this Court on July 16, 2013). Plaintiff alleges that she received medical care and treatment from Watts and that she was injured as a result of its failure to properly examine, diagnose and treat her medical condition. Id.

On July 16, 2013, the United States removed the action to this Court on behalf of Watts on the ground that it was deemed to be acting within the course and scope of employment with the United States Public Health Service for the

purposes of this action pursuant to 42 U.S.C. §233(g), and 28 U.S.C. §2679(d)(2). On July 16 ,2013, the United States filed a Notice of Substitution and Order Correcting Caption with this Court.  As detailed in the Notice of Substitution and Certification of the United States Attorney, attached thereto, the United States has been substituted in place of Watts pursuant to 28 U.S.C. §2679(d)(2) and 42 U.S.C. §233(a).  On July 17, 2013, the Court issued its Order correcting the caption to reflect the substitution of the United States as the defendant in place of Watts.

Plaintiff has not filed an administrative tort claim against the United States Department of Health and Human Services.  Declaration of Meredith Torres. ("Torres Decl.")[1]

### III. THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF HAS NOT EXHAUSTED HER ADMINISTRATIVE REMEDIES

The remedy against the United States provided by the Federal Tort Claims Act, 28 U.S.C.§§1346(b),2672, is the exclusive remedy for personal injury claims arising out of the performance of medical, surgical, dental or related functions by employees of the U.S. Public Health Service.  28 U.S.C. §2679(a); 42 U.S.C. §233(a).  Watts is deemed to have been acting within the course and scope of employment with the U.S. Public Health Service at all times material to the incident alleged in the Complaint pursuant to 42 U.S.C. §233(g).  See Certification of U.S. Attorney (attached as Exhibit 2 to Notice of Removal filed on March 16, 2013).  The FTCA therefore governs this action.

---

[1] A Motion To Dismiss is the proper vehicle to use when subject matter jurisdiction is lacking. Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987). Reliance on matters outside of the pleadings will not convert a motion pursuant to FRCP 12(b)(1) into one for summary judgment. Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 n. 29 (9th Cir. 1982) cert denied, 455 U.S. 943, 71 L.Ed. 2d 655, 102 S.Ct. 1438 (1982).

The FTCA requires the exhaustion of administrative remedies before the commencement of a tort suit.  28 U.S.C. §2675(a); 42 U.S.C. §233(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993); <u>Cadwalader v. United States</u>, 45 F.3d 297, 300-301 (9th Cir. 1995).  A party may not maintain an action against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. §2675(a).

The administrative claim is a jurisdictional prerequisite to suit.  28 U.S.C. §2675.  Therefore an action filed before exhaustion of administrative remedies is premature and must be dismissed due to the Court's lack of subject matter jurisdiction.  McNeil, supra.  Plaintiff has not filed an administrative tort claim against the United States Department of Health and Human Services.  Torres Decl.  Accordingly, she has not exhausted his administrative remedies as required by the FTCA.  Thus, this Court has no subject matter jurisdiction over the action and the United States must be dismissed. <u>Id</u>.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's action against the United States should be dismissed based on this Court's lack of subject matter jurisdiction.

DATED: July 22, 2013

ANDRE BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

*/s/ Julie Zatz*
Julie Zatz
Assistant United States Attorney

Attorneys for Defendant
United States of America

-4-