UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 13-5120 (CAS) (VBKx) | Date | August 26, 2013 |
| Title | TIFFANY KATHLEEN BOYD V. UNITED STATES OF AMERICA | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Tiffany Boyd, Pro Se | | David Pinkas, AUSA |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Docket #5, filed July 22, 2013)

I. INTRODUCTION AND BACKGROUND

Plaintiff Tiffany Boyd filed this action on October 12, 2012, in the Superior Court for the County of Los Angeles. Plaintiff filed an amended complaint on April 11, 2013. The complaint alleges that the Watts Healthcare Clinic failed to diagnose and treat an infectious disease, and that plaintiff endured pain and suffering as a result of that failure. Compl.

The complaint named the Watts Healthcare Clinic as the defendant. On July 16, 2013, the United States of America filed a notice of substitution as defendant in place of the Watts Healthcare Clinic and a timely notice of removal pursuant to 28 U.S.C. § 2679. Defendant filed this motion to dismiss on July 22, 2013. Plaintiff has not filed an opposition. After considering the parties' arguments, the Court finds and concludes as follows.

II. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-5120 (CAS) (VBKx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | TIFFANY KATHLEEN BOYD V. UNITED STATES OF AMERICA | | |

considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).  On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See id.

## III.  DISCUSSION

A "public or non-profit private entity receiving [f]ederal funds" under 42 U.S.C. § 254b is considered an employee of the United States Public Health Service.  42 U.S.C. § 233(g).  If an action is commenced in state court against such an employee, and the Attorney General certifies that the employee was acting within the scope of its employment by the United States at the time of the incident that forms the basis of the action, that action must be removed to the federal district court for the area in which the action is pending.  Id. § 233(c).  However, the Federal Tort Claims Act requires that claims against the United States or its employees sounding in tort, such as medical malpractice claims, be first "presented to the appropriate Federal agency" and "finally denied" by that agency.  28 U.S.C. § 2675.  A district court may not exercise subject matter jurisdiction over a claim until this requirement has been satisfied.  Jerves v. United States, 966 F.2d, 517 521 (9th Cir. 1992).

Here, the United States Attorney for this district has certified, based on the authority vested in him by the Attorney General, that the Watts Healthcare Clinic is a "public or nonprofit private entity receiving Federal funds" under 42 U.S.C. § 254b, and that the Clinic was acting within the scope of its employment by the United States "at all times material to [the] alleged incidents."  Birotte Certification ¶ 2.  Defendant argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 13-5120 (CAS) (VBKx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | TIFFANY KATHLEEN BOYD V. UNITED STATES OF AMERICA | | |

that the Court lacks subject matter jurisdiction over this case because plaintiff has not filed an administrative tort claim against the United States Department of Health and Human Services.  Def. Mot. Dismiss 4; see also 28 U.S.C. § 2675.

The Court concludes that it may not exercise subject matter jurisdiction over plaintiff's claim until plaintiff has exhausted her administrative remedies.  28 U.S.C. § 2675; Jerves, 966 F.2d at 521.  Plaintiff does not allege that she has exhausted those remedies against the Watts Healthcare Clinic or any federal agency, and defendant states that plaintiff has not filed an administrative tort claim against the United States Department of Health and Human Services, Def. Mot. Dismiss 4.

IV.   CONCLUSION

Based on the foregoing, the Court hereby GRANTS defendant's motion to dismiss without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |